```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS


SHANE JAMESON,

              Plaintiff,

        v.                           CASE NO.  16-3026-SAC-DJW

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS, Federal
Court Magistrate,

              Defendant.
```

## MEMORANDUM AND ORDER

Plaintiff, an inmate of the El Dorado Correctional Facility, in El Dorado, Kansas,[1] filed this pro se civil rights complaint under 42 U.S.C. § 1983. The court has reviewed the complaint and dismisses this action upon screening for reasons including that the defendant is immune to suit for money damages.

The court first addresses the filing fee obligation. Plaintiff submitted a motion to proceed without prepayment of fees. Based on the supporting financial information, the court granted his motion but ordered him to pay an initial partial filing fee of $3.00. Instead of paying the part fee, plaintiff sent a letter stating that he owes $720.00 at the Shawnee County Jail, cannot pay for an attorney, and has no money to pay the

---

[1] Plaintiff was confined in the Douglas County Jail when he filed this action.

1

part fee. The court treats this letter as a motion and allows plaintiff to proceed without payment of the initial partial filing fee. However, as he was previously notified, plaintiff remains obligated to pay the filing fee of $350.00 in full through payments automatically deducted from his inmate account as funds become available.

Plaintiff alleges the following background for his complaint. The federal magistrate "proceeded with hearing without any evidence or probable cause" and with sentencing "on a case that was already dismissed by the District Court in Coldwater, Kansas" after "plaintiff was determined to be not guilty." Plaintiff was sentenced in federal court to 56 months in prison. He claims "false imprisonment." He seeks "punitive damages" of $1300 per day for 56 months as well as additional amounts for pain and medical bills that are nowhere described.

Because plaintiff is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under

color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Nevertheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Having screened the complaint under these standards, the court finds the complaint must be dismissed for the following reason.

The only defendant in the caption is United States District Court for the District of Kansas. Obviously, this is not a proper defendant since a court is not a person that can be sued under § 1983.

Plaintiff adds elsewhere in the complaint that defendant "is employed as Federal Court Magistrate" and was acting under color of state law in that he or she was "presiding federal court magistrate." A United States Magistrate Judge acts under color of federal rather than state law. More importantly, the United States Magistrate referred to in this lawsuit is sued for acts taken while he or she presided over plaintiff's federal

3

criminal proceedings. It is settled law that a judge is "absolutely immune from § 1983 liability except when the judge acts 'in the clear absence of all jurisdiction.'" See *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994)(citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)(articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority.")). Since plaintiff complains that the judge was presiding over his criminal trial, it is clear that the judge was "performing judicial acts" and was "therefore clothed with absolute judicial immunity." *Id.* It follows that plaintiff states no claim for relief under Section 1983 against either the United States District Court named in the caption or the unnamed United States Magistrate Judge.[2]

Plaintiff unsuccessfully attempted in an earlier action to sue his defense attorney in the same proceedings alleging the same sparse background facts. See *Jameson v. Henderson*, Case No. 16-3011-SAC-DJW (May 18, 2016). That prior action and now this action count as two strikes against Mr. Jameson under 28

---

[2] Furthermore, plaintiff's suit for damages based on the claim that he was convicted in federal court on charges of which he had already been found not guilty in state court is barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) because plaintiff makes no showing that he has had the federal conviction overturned by proper process, which includes direct appeal and a motion to vacate under 28 U.S.C. § 2255.

U.S.C. § 1915(g).[3]

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed and all relief is denied for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff is not required to submit the initial partial filing fee of $3.00, but remains obligated to pay the full filing fee through payments automatically deducted from his institutional account.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 9) is denied as moot.

**IT IS SO ORDERED.**

Dated this 24th day of June, 2016, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge

---

[3]   28 U.S.C. § 1915(g) pertinently provides:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, if plaintiff accumulates one more strike, he will be required to pay the $400.00 filing fee upfront on any subsequent civil action he seeks to file unless he can show that he is in imminent danger of serious physical injury.